Michael W. BUTLER and Betty
Jane Butler

v.

Jean L. POULIN and Anita F. Poulin,
Louis Guilmette d/b/a Guilmette
Realty, and Richard Potvin, III.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1985.

Decided Oct. 23, 1985.

**258**

Thomas M. Mangan, (orally), Lewiston, for plaintiff.

Murphy & Coyne, Coleman G. Coyne, (orally), Isaacson, Isaacson & Hark, Elliott Epstein, Philip Isaacson, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiffs, Michael W. and Betty Jane Butler, appeal from the judgment of the Superior Court, Androscoggin County, entered on a directed verdict for the defendants, Jean L. and Anita F. Poulin, Louis Guilmette doing business as Guil-

1. In their complaint the plaintiffs also alleged mutual mistake, but have not raised this issue

mette Realty, and Richard Potvin, III. On appeal the plaintiffs claim the court abused its discretion by the sanctions imposed for the plaintiffs' discovery violations and erred in granting the defendants' motion for a directed verdict. We hold that the court neither abused its discretion by the sanctions imposed nor erred in finding that the plaintiffs failed to meet their burden of proof, and affirm the judgment.

I

In July 1980, the plaintiffs purchased a house on Manley Road, Auburn, from the Poulins. The house had been advertised for sale by Guilmette Realty, and the plaintiffs had visited the house in the company of Potvin, an employee of Guilmette and a licensed real estate broker. After moving into the house, the plaintiffs claimed a series of problems arose involving the septic system, the sump pump, the chimney, the electrical system, the insulation, the roof, and the structural integrity of the building. In July, 1981, the plaintiffs brought suit against the defendants seeking rescission of the sale and compensatory and punitive damages. The plaintiffs alleged, *inter alia,* fraudulent misrepresentation, infliction of emotional distress, and breach of express warranties.[1] As a sanction for violation of pretrial orders, the court ordered that the plaintiffs were precluded at trial from presenting expert testimony and certain exhibits. A jury trial was held in October, 1984. At the close of the plaintiffs' case the court granted the defendants' motion for a directed verdict, from which the plaintiffs appeal.

II

A. The plaintiffs contend on appeal that the court abused its discretion by its order excluding the testimony of their expert witnesses as a sanction for noncompliance with the court's pretrial discovery order.

on appeal.

We hold the court did not abuse its discretion.

A motion to compel discovery filed by the Poulins resulted in an order by the court on October 25, 1983, requiring the plaintiffs within thirty days to furnish specified information in regard to expert witnesses in answer to interrogatories propounded by the Poulins.[2] The plaintiffs failed to comply with the order. On May 1, 1984, after a hearing on the Poulins' second motion to compel and for sanctions, the court entered its order imposing the sanction of which the plaintiffs complain. The plaintiffs did not seek an amendment to that order or relief from the sanction imposed.

The identification of expert witnesses and the subject matter of their testimony is discoverable under M.R.Civ.P. 26(b)(4)(A)(i) without a court order. Upon motion the court may order further discovery in regard to expert witnesses. M.R.Civ.P. 26(b)(4)(A)(ii). If a party fails to comply with the court order, sanctions may be imposed under M.R.Civ.P. 37(b)(2).

> Rule 37(b)(2) provides in pertinent part: If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> ....
> (B) An order ... prohibiting [the disobedient party] from introducing designated matters in evidence.

■ Liberal discovery is one of the principal devices available to effectuate the purpose of the Maine Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action." M.R.Civ.P. 1. "Conduct of counsel or his clients that frustrates the beneficent purposes ... of discovery orders must be appropriately penalized." *Reeves v. Travelers Insurance Co.*, 421 A.2d 47, 50 (Me.

1980). A sanction imposed under Rule 37(b)(2) must stand unless an abuse of discretion is shown or there is an error of law. *Id.*

At a pretrial conference in June, 1983, the court ordered the parties to complete discovery by September 1, 1983. On September 15, 1983, the plaintiffs initially responded to the Poulins' interrogatory with the statement "I leave the calling of expert witnesses to the discretion of my attorney." In response to the October 25, 1983 order to answer the expert witness interrogatory, the plaintiffs supplied the Poulins with the names and addresses of five expert witnesses and the qualifications of two of them. In these circumstances of incomplete compliance, the court acted within the sound exercise of discretion in imposing a sanction pursuant to Rule 37(b)(2). *Beaudin v. Beaulieu*, 472 A.2d 426, 428 (Me. 1984).

B. The plaintiffs further contend that the trial court abused its discretion by excluding certain exhibits not listed in the plaintiffs' pretrial memorandum. These exhibits were not made available to any of the defendants until one day prior to the trial.[3]

■ A party is obligated to include in its pretrial memorandum a list of exhibits the party intends to introduce at trial. M.R. Civ.P. 16(a)(3)(M). A party also has a continuing duty to furnish "promptly" to opposing counsel any previously undisclosed document that the party subsequent to the pretrial conference decides to use at trial. M.R.Civ.P. 16(c)(6). The plaintiffs failed to comply with either provision, or with a June, 1983 pretrial order that obligated the parties to mark all exhibits one week prior to trial. M.R.Civ.P. 16(d) provides:

> (d) Sanctions. If a party fails to comply with the requirements of this rule or any order made hereunder, the court

---

**2.** The interrogatory requested, *inter alia,* the name and address of each expert witness, qualifications of each, the subject matter of his expected testimony and the substance of all facts

and opinions to which he was expected to testify.

**3.** The Poulins did not receive the material until the morning of trial.

shall impose upon the party or his attorney, or both, such sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof with or without prejudice, the default of a party, the exclusion of evidence at the trial, and the imposition of costs including attorney's fees and travel.

The court may expressly order, where appropriate in its discretion, that the costs of such sanctions be borne by counsel and that they shall not be passed on to counsel's client.

The court did not abuse its discretion in imposing the sanction of exclusion of the exhibits at trial pursuant to M.R.Civ.P. 16(d). *See Reeves,* 421 A.2d at 49–50 (dismissal with prejudice for failure to comply with pretrial order); *Green v. Nemat, et al.,* 499 A.2d 470 (Me.1985) (dismissal for noncompliance with pretrial order to respond to defendants' expert witness interrogatories).[4]

 C. Finally, the plaintiffs contend the trial court erred in granting the defendants' motion for a directed verdict. We disagree. We have previously stated that:

[T]he presiding Justice should direct a verdict only sparingly, as the exception rather than the rule. Only if the correctness of directing a verdict appears so clear to the presiding Justice that all reasonable doubts of possible error or uncertainty have been removed in his mind should he grant it.

*Moore v. Fenton,* 289 A.2d 698, 700 n. 1 (Me.1972), *quoted in Portland Valve, Inc.*

*v. Rockwood Systems Corp.,* 460 A.2d 1383, 1386 (Me.1983). Despite this policy disfavoring directed verdicts there are circumstances when the direction of a verdict is appropriate. A directed verdict must be granted when, after viewing the evidence with all reasonable inferences arising therefrom in the light most favorable to the plaintiff, a contrary verdict could not be sustained. *Seiders v. Testa,* 464 A.2d 933, 935 (Me.1983). To avoid a directed verdict, a plaintiff must establish a prima facie case of the elements of the action. *See Department of Human Services v. Earle,* 481 A.2d 175, 178–79 (Me.1984) (because the Department established a prima facie case for revoking the defendants' licenses, granting motion for judgment was error); *Emerson v. Ham,* 411 A.2d 687, 689–90 (Me.1980) (because the plaintiff failed to establish the element of *scienter,* directing a verdict on a claim for fraud was correct).

 Viewing the evidence in the light most favorable to the plaintiffs, we hold that the court did not err in directing a verdict for the defendants on the claim of fraud. A defendant is liable for fraud if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage. *Letellier v. Small,* 400 A.2d 371, 376 (Me.1979).[5]

---

**4.** The plaintiffs argue that at least a condemnation of chimney report from the Auburn Fire Department should have been admitted because the plaintiffs complied with the defendants' discovery request for this document by authorizing the fire department to release the report. Again, however, there is no abuse of discretion since the plaintiffs did not comply with either the pretrial order or the continuing obligation to provide notice of documents to be used at trial. The plaintiffs further argue that the court abused its discretion by excluding a business card of Jean Poulin because the card was allegedly made available to the defendants more than two years prior to trial. The court, how-

ever, excluded the card on grounds of relevance, not as a sanction for failure to disclose. The plaintiffs have not challenged this evidentiary ruling.

**5.** In addition, the plaintiff in an action for fraud must prove every element of his claim by clear and convincing evidence, that is, evidence that establishes every factual element to be highly probable. *Wildes v. Ocean National Bank,* 498 A.2d 601, 602 (Me.1985); *Horner v. Flynn,* 334 A.2d 194 (Me.1975), *as modified by Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 153–54 (Me.1984).

■ Evidence admitted at trial tended to show that Potvin and Anita Poulin made statements concerning the adequacy of the wood stove as a heating source, the adequacy of the sump pump, the safety of the electrical system, the safety of the chimney, the condition of the insulation, the condition of the roof, and the absence of any structural defects.[6] However, a careful examination of the record discloses that the plaintiffs did not present any evidence showing the existence of problems concerning these items at the time the Poulins owned the house. Therefore, there is no evidence that the representations in regard to these items were false at the time they were made. Thus, the plaintiffs did not meet their burden of proof in establishing the first element of the tort, the making of a false representation.

■ The defendants' representations concerning the septic system present a more troubling issue. A prospective buyer cannot readily check out the adequacy of the septic system, but must rely on the representations of the installer of the system or the prospective seller of the property. Cf. *Letellier*, 400 A.2d at 372–73, 376–77 (upholding a verdict for fraud where the defendant misrepresented the results of a soil test that prohibited the use of septic systems on the property). Anita Poulin assured the plaintiffs that the Poulins had encountered no problems with the septic system, but that they spaced out their usage of water. The septic system malfunctioned for the first time some six or seven weeks after the plaintiffs entered the premises. The falsity of a representation may be inferred from subsequent events close in time to the representation. *Emerson*, 411 A.2d at 689. Here, however, the brief lapse of time would not satisfy the inference without evidence that the Poulins' and the plaintiffs' usage was substantially equivalent. Because there is no evidence of comparative usage, the plaintiffs failed to make out the element of false representation.

There is also some evidence that Anita Poulin misrepresented the location of the septic tank. Moreover, the Poulins failed to disclose that the grey water from the house went to a dry well whereas only the toilet waste went to the septic tank. However, because there is no evidence that the location of the tank or the presence of the dry well caused the malfunctioning of the septic system, the plaintiffs failed to establish the materiality of any representations made to them or that any damages resulted.

We do not agree with the plaintiffs that the court erred in directing a verdict on the plaintiffs' claim of intentional infliction of emotional distress. In order to recover on such a claim a plaintiff must establish that: 1) the defendant intentionally or recklessly inflicted emotional distress; 2) the defendant's conduct was so extreme and outrageous as to exceed all possible bounds of decency; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) the emotional distress was so severe that "no reasonable man could be expected to endure it." *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979).

■ No admissible evidence was offered by the plaintiffs as to their emotional distress. In appropriate cases, however, the existence and severity of the emotional distress may be inferred from the "extreme and outrageous" nature of the defendant's conduct alone. *Vicnire*, 401 A.2d at 154. Therefore, the plaintiffs' failure to prove the distress need not be fatal. Here, there is no evidence that the Poulins intentionally created or concealed the defects in the house in order to inflict emotional distress on the plaintiffs, or that the conduct of any defendant was so outrageous as to exceed all bounds of decency. Thus, the plaintiffs failed to establish a prima facie case for the first two elements of the tort.

The plaintiffs argue further that the trial court erred in not submitting to the jury their claim of breach of express warranties.

---

**6.** None of these representations was reduced to writing.

Our careful review of the record discloses that there was no evidence offered by the plaintiffs from which a jury reasonably could have found that any express warranties were made by the defendants other than the Poulins' express warranty of clear title to the conveyed premises.

The plaintiffs failed to meet their burden of proof on each claim for relief. Because a contrary verdict could not be sustained on the plaintiffs' evidence, the trial court appropriately granted the defendants' motion for a directed verdict. *Pratt v. Freese's, Inc.*, 438 A.2d 901 (Me.1981).[7]

We hold the court acted within its discretion and correctly applied the law in the sanctions imposed on the plaintiffs and in granting the defendants' motion for a directed verdict.

The entry is:

Judgment affirmed.

All concurring.

---

**7.** The failure of the plaintiffs to establish a prima facie case on any of their claims for relief makes it unnecessary for us to address the claimed error in the trial court's finding that the plaintiffs failed to establish an agency relationship between the Poulins and the other defendants.