**J. Carolyn SARGENT**

v.

**James G. SARGENT.**

Supreme Judicial Court of Maine.

Argued March 1, 1993.

Decided April 8, 1993.

David J. Ferrucci, Portland, Jerome L. Hollingsworth (orally), Naples, Fla., for plaintiff.

John N. Kelly, Graydon G. Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Plaintiff J. Carolyn Sargent appeals from an order of the Superior Court (Penobscot County, *MacInnes, A.R.J.*) dismissing her complaint against her former husband, defendant James G. Sargent, alleging

fraud and deceit in the inducement of a separation agreement that was later incorporated into a divorce judgment. The Superior Court held that the complaint failed to state a claim on which relief could be granted because the action was barred by the doctrine of res judicata. Because the defense of res judicata[1] is not established on the face of the complaint as a matter of law, we vacate the judgment.

The allegations may be summarized as follows: Before their marriage on June 7, 1978, the parties entered into an ante-nuptial agreement detailing the property that each brought to the marriage and providing for the disposition of that property in the event of a divorce. The agreement was silent as to the disposition of property acquired during the marriage, but stated that the wife would accept $5,000 from the husband in lieu of any alimony, support, and property settlement rights she acquired resulting from the marriage.

Eleven years later, on April 17, 1989, the parties entered into a separation agreement providing for the disposition of marital property in the event of divorce. Both parties were represented by counsel. The terms of the separation agreement were subsequently incorporated into a District Court divorce decree dated August 23, 1989. Pursuant to the decree, plaintiff received approximately $1,000,000 in cash and property. In 1992, she filed the present action alleging that defendant induced her to execute the separation agreement by misrepresenting the extent of the property accumulated during the marriage and that she reasonably relied on those misrepresentations.[2] She specifically asserts that he led her to believe that the marital estate totalled $2,000,000, when he knew that they had accumulated $17,000,000 during the marriage. Plaintiff seeks damages of $8,500,000, one-half of the amount she claims comprised the marital estate at the time of the divorce. She also claims that defendant placed her under duress by threatening to enforce the ante-nuptial agreement, leaving her with only $5,000, if her attorney conducted discovery with regard to his personal and business affairs.

Defendant responded to the complaint by filing a motion to dismiss the complaint for failure to state a claim pursuant to M.R.Civ.P. 12(b)(6). Defendant supported his motion by arguing that the action is barred by the doctrine of res judicata. The court observed that a correct valuation of the marital estate was discoverable in the parties' uncontested divorce action and the wife's claims could have been litigated in that action. The court ruled that the wife's divorce attorney should have been aware of the consequences of foregoing discovery, and should have known that the ante-nuptial agreement did not limit the wife to a $5,000 payment in the event of divorce. The court concluded that plaintiff's action is barred as a matter of law.

First, we note that res judicata is an affirmative defense, M.R.Civ.P. 8(c), that is normally asserted in a responsive pleading. M.R.Civ.P. 12(b). Here defendant could have raised the defense of res judicata in an answer followed either by a motion for judgment on the pleadings pursuant to M.R.Civ.P. 12(c),[3] see, e.g., Chia-

---

1. [T]he doctrine of res judicata bars the relitigation ... of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action. *Currier v. Cyr*, 570 A.2d 1205, 1208 (Me.1990) (citations omitted).

2. The complaint contains claims for deceit by misrepresentation, deceit by concealing facts, deceit by silence with a duty to disclose, placing defendant under duress, and for punitive damages for intentional deceit by a person in a confidential relationship.

Because more than one year had passed since the divorce judgment, M.R.Civ.P. 60(b)(3) does not permit a motion for relief from judgment due to fraud. That rule, however, does not limit the court's power to entertain an independent action for fraud and misrepresentation. Plaintiff has not sought to invoke the procedure set forth in 19 M.R.S.A. § 722-A(6) (Supp.1993) for dividing property omitted from a divorce decree. This section was enacted subsequent to the divorce judgment.

3. If either party had presented affidavits or other matters outside the pleadings raising facts not in the complaint, a motion brought pursuant to Rule 12(c) or (b) would have been con-

*petta v. Clark Assocs.*, 521 A.2d 697, 700 (Me.1987), or a motion for summary judgment pursuant to M.R.Civ.P. 56. A Rule 12(b)(6) motion is appropriate to raise the affirmative defense of res judicata only if the facts establishing the defense appear on the face of the complaint. *See Warren v. Waterville Urban Renewal Authority*, 290 A.2d 362, 367–68 (Me.1972) (res judicata); *Patten v. Milam*, 468 A.2d 620, 621 (Me.1983) (statute of limitations).

 The Superior Court erred in ruling that facially the complaint reveals that it is barred as a matter of law. In reviewing the dismissal of a complaint, we assume that the facts alleged are true. *Nobel v. Bangor Hydro–Electric Co.*, 584 A.2d 57, 58 (Me.1990). "Dismissal [of a complaint] is appropriate only if it appears beyond doubt that plaintiff is not entitled to relief under any facts that might be proved." *Id.*

To sustain a claim for fraud, a litigant must show:

> (1) a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage.

*Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 615 (Me.1992) (quoting *Butler v. Poulin*, 500 A.2d 257, 260 (Me.1985)). Assuming that the facts alleged are true, the complaint states a claim for fraud and deceit. We have recognized that fraud is an exception to the doctrine of res judicata. *Kradoska v. Kipp*, 397 A.2d 562, 568 (Me.1979) (fraud claim not barred by res judicata unless plaintiff knew of the fraud at the time of the first action); *see also* 46 Am.Jur.2d *Judgments* § 473 (1969) ("a judgment obtained by fraud ... may not be used as a basis for the application of the doctrine of res judicata"). The complaint could proper-

ly have been dismissed only if as a matter of law the wife could not have reasonably relied on the husband's alleged misrepresentations. It is not possible to draw that conclusion from the face of plaintiff's complaint even if we were to consider that she was represented by counsel and that discovery was available in the divorce case. A party " 'may justifiably rely on the fraudulent misrepresentation of [another] ... without investigating the truth or falsity of the representation. Reliance is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him.' " *Estate of Whitlock*, 615 A.2d 1173, 1176 (Me.1992) (quoting *Letellier v. Small*, 400 A.2d 371, 376 (Me.1979)).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

verted into a motion for summary judgment under M.R.Civ.P. 56. *See Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700 (Me.1987). Although plaintiff filed an affidavit subsequent to the original complaint, all allegations contained in

the affidavit were incorporated into an amended complaint which was before the court at the time it ruled on defendant's Rule 12(b)(6) motion.