J. Carolyn SARGENT

v.

James G. SARGENT.

Supreme Judicial Court of Maine.

Argued Feb. 5, 1996.
Decided June 6, 1996.

---

Dana E. Prescott (orally), Potter, Prescott, Jamieson & Nelson, P.A., Saco, for Plaintiff.

Graydon G. Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

---

WATHEN, Chief Justice.

J. Carolyn Sargent (Carolyn) appeals from the entry of a summary judgment in the Superior Court (Penobscot County, *Alexander, J.*) in favor of her ex-husband, James Sargent (James). Carolyn assigns the following as error: 1) the court improperly resolved material issues of fact by evaluating the evidence in a light unfavorable to her, 2) the court erred in failing to impose a duty on James to prove that he had complied with the fiduciary responsibility created by their marriage, and 3) the court ignored the holding in *Sargent v. Sargent*, 622 A.2d 721 (Me. 1993), as it relates to justifiable reliance. Because we find no error in the court's determination, we affirm the judgment.

Before the parties' marriage in 1978 they entered into an antenuptial agreement detailing the property each brought to the marriage and providing for the disposition of that property in the event of a divorce. The agreement did not cover the disposition of property acquired during the marriage. It did, however, state that Carolyn would accept $5,000 from James in lieu of alimony, support, and any property rights she acquired as a result of the marriage.

In April 1989 the parties entered into a separation agreement providing for the disposition of marital property in the event of a divorce. Both parties were represented by counsel. The terms of the separation agreement were later incorporated into a divorce judgment dated August 23, 1989. Carolyn received $1,000,000 in cash and property pursuant to the decree. In 1992 she filed an action alleging that James induced her to execute the separation agreement by misrepresenting the extent of the property accumulated during the marriage and that she reasonably relied on those misrepresentations. The complaint contained multiple claims of deceit. She asserted that James led her to believe that the marital estate totalled $2,000,000 when he knew that they had accumulated $17,000,000 during the marriage.

She sought damages of $8,500,000 and claimed that James put her under duress by stating that he would enforce the antenuptial agreement, leaving her with only $5,000 if her attorney conducted discovery with regard to his personal and business affairs.

James moved to dismiss the complaint arguing that the action was barred by the doctrine of *res judicata* and the Superior Court granted his motion. In *Sargent v. Sargent*, 622 A.2d 721 (Me.1993), we vacated the dismissal and remanded the case for further proceedings. Following remand, the parties engaged in discovery and James then moved for a summary judgment. The court granted a summary judgment to James and disposed of Carolyn's claims as follows:

> The Amended Complaint essentially alleges that as a result of fraud, duress and misuse of a confidential relationship, the Defendant was able to negotiate an unreasonably favorable divorce settlement. In reality, the Amended Complaint is a sophisticated effort to attack and reopen the results of the separate divorce proceeding. In that proceeding, the result and settlement were negotiated by alert parties, separated and living apart and assisted by competent, aggressive and highly experienced counsel. Reviewing the record, it appears that some of the positions now taken by the Plaintiff to support her claims ignore facts, events and statements which indisputably occurred in the past. Of the material facts before the Court, none of the five counts of Plaintiff's Complaint are adequately supported in the available record to justify Plaintiff's collateral attack on the divorce proceeding.

Carolyn now appeals.

Carolyn frames the issue in this appeal as one of duty on the part of her ex-husband. She argues that the marital relationship, although irretrievably broken, imposes a duty of complete candor on the soon-to-be ex-spouses. She points to M.R.Civ.P. 80(c)[1] as evidence of the requirement of honesty in

---

1. M.R.Civ.P. 80(c) provides, in part:
   In any other proceeding under this rule in which a division of property or an award of spousal support is sought, the party seeking such relief, within 60 days after the party's answer and response, shall file a financial statement of the parties showing the assets, liabilities, and current income and expenses of both parties and indicating separately all marital and non-marital property.

property settlements incident to divorces. Undoubtedly the rule embodies principles of honesty and disclosure in the negotiations leading to a divorce. The facts of this case suggest that James may not have completely disclosed the amount of his wealth. The facts also demonstrate, however, that Carolyn was aware that the amount she was accepting in the divorce was significantly less than James's total wealth. Moreover, in declining to resort to pretrial discovery, Carolyn followed a course of action against the advice of her own attorney. She now seeks to set aside the results of her divorce proceeding on the ground that James breached a duty of disclosure.

In the present case, the court correctly held that the question of James's duty to disclose was not dispositive. Had Carolyn relied on his representations, there could have been a question as to the reasonableness of her reliance. This record, however, establishes that there was no reliance.

Carolyn accepted the terms of the divorce knowing that the property she received comprised only a small portion of her husband's wealth. She told her attorney during divorce negotiations that she believed her husband was worth something more than 14 million dollars. She admitted that she did not believe James at the time she signed the separation agreement. Her own attorney advised her against signing the agreement because she had chosen not to engage in discovery; and she did not contest the divorce.

The remaining claims are essentially reformulations of the first claim. Having failed to establish a necessary element of fraud, she similarly fails to meet the requirements of the other claims and no further discussion is required.

The entry is:

Judgment affirmed.

All concurring.