STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. RE-12-210
                                                  UON -YOR -10/3/2013

PATRICK MAIN,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )        ORDER
                                 )
CHRISTINE MAIN,                  )
                                 )
        Defendant.               )


I.      Background

Plaintiff Patrick Main and Defendant Christine Main are parents to Brian George

Main, age16, and Nicole Ann Main, age 14. After litigation in 2011-2012, the Springvale

District Court ordered Defendant to pay child support in the amount of $147.50 and

arrearages in the amount of $5,179.27. Plaintiff has brought this action for fraud alleging

that Defendant overstated her weekly health insurance expense for the minor children in

her child support affidavit dated September 28, 2007. Furthermore, Plaintiff has brought

a claim for defamation alleging that Defendant has called him a "deadbeat dad" to others,

and caused others to repeat the moniker. The District Court retains jurisdiction of child

support determinations and review thereof. This Court reviews only Plaintiffs claims of

fraud and defamation.


II.     Standard of Review

When a defendant moves for summary judgment, "the plaintiff must establish a

prima facie case for each element of [the] cause of action that is properly challenged in

1

the defendant's motion." Flaherty v. Muther, 2011 ME 32, ¶ 38, 171 A.3d 640. The burden then shifts to the defendant to show that there is no genuine issue of material fact. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.


III.    Discussion

A. Res Judicata

Plaintiff claims that Defendant committed fraud when she submitted a child support affidavit to the District Court at the December 13, 2007 child support hearing stating that her weekly healthcare expense for the minor children was $90.50. Defendant argues that Plaintiff's cause of action should be barred by the doctrine of res judicata. "Under the doctrine of res judicata, a party and its privies are barred from relitigating claims or issues that have already been decided." Godsoe v. Godsoe, 2010 ME 42, ¶ 15, 995 A.2d 232; citing Portland Co. v. City of Portland, 2009 ME 98, ¶ 22, 979 A.2d 1279.

2

In the litigation in 2011-2012, Plaintiff raised the claim of fraud concerning the health insurance costs Defendant claimed on behalf of the minor children. Defendant had the full and fair opportunity and incentive to litigate the issue before the District Court.[1] Plaintiff agreed to the stipulation that he owed back child support of $5,179.26, an amount that included the health insurance costs. Plaintiff's stipulated back child support became part of a final judgment. This issue has already been litigated and determined. Plaintiff's claim of fraud is therefore barred by the doctrine of res judicata.

B. Defamation

Plaintiff has brought a claim of defamation against Defendant for calling him a "deadbeat dad" and similar terms, and for causing her friends to repeat these phrases. "To prove defamation, a plaintiff must establish that a false statement published to a third party harmed the plaintiff's reputation so as to lower her [or him] in the community's estimation." Cookson v. Brewer Sch. Dep't, 2009 ME 57, 974 A.2d 276; citing Ballard v. Wagner, 2005 ME 86, ¶ 10, 877 A.2d 1083. Plaintiff has failed to show that Defendant's statements harmed him. Because Plaintiff has not set out a prima facie case of defamation, the Court grants Plaintiff's [*Def.*] Motion for Summary Judgment on Plaintiff's [*Def*] claim of Defamation.

IV. Conclusion

The Court GRANTS Defendant's Motion for Summary Judgment. *, Judgment for defendant.*

---

[1] The issue of child support is often a contentiously litigated issue in the District Court. Full and fair opportunity exists to obtain financial discovery and to litigate the basis for child support. Because of these opportunities, the court concludes that relitigation of these issues, even for claims of fraud, should be confined to circumstances where discovery would not have been able to root out inaccuracies in the claim's basis for child support. Since independent verification for health insurance issues could have occurred, there was a fair opportunity to investigate and litigate this issue.

3

DATE:        10/3/13

_____
John O'Neil, Jr.
Justice, Superior Court

4

ATTORNEY FOR PLAINTIFF;
GREGORY MCCULLOUGH
MCCULLOUGH LAW OFFICES
PO BOX 910
SANFORD ME  04073-0910

ATTORNEY FOR DEFENDANT:
BRADLEY C MORIN
BOURQUE & CLEGG
PO BOX 1068
SANFORD ME  04073

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-12-210
JON-YOR - 3/19/2014

PATRICK MAIN,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        ORDER
                                     )
CHRISTINE MAIN,                      )
                                     )
            Defendant.               )

Plaintiff moves the court to reconsider its October 3, 2013 Order granting Defendant's

Motion for Summary Judgment. Plaintiff's motion is based on the court's decision not to address

similarities between the present case and Sargent v. Sargent, as cited in Plaintiff's Memorandum

of Law in Opposition to Defendant's Motion for Summary Judgment.

In Sargent v. Sargent, a husband and wife had signed a separation agreement that afforded

the wife $1,000,000 upon separation. Sargent v. Sargent, 622 A.2d 721, 722 (Me. 1993) The

wife signed the agreement after her husband led her to believe that the marital estate was worth

$2,000,000. Id. The parties divorced and the wife received the $1,000,000 according to the

agreement. Id. Three years after the separation, the wife learned that the marital estate was

actually worth $17,000,000, and brought an action seeking $8,500,000, one-half of the marital

estate. Id. The Law Court found that the issue of whether a party had been fraudulently induced

to accept a separation agreement was not precluded by the doctrine of res judicata. Id. at 723.

Issues of fraud are not precluded in cases where the plaintiff did not know of the fraud at the

time of the first action. Id. The Court found that the wife could have justifiably relied on her

husband's representations of the worth of the marital estate. Therefore, the Court found that the

Superior Court's dismissal of the case was in error.

1

The court recognizes that both Sargent and the case at hand are family law matters in which the doctrine of *res judicata* is raised with reference to a claim of fraud. The court distinguishes the current case from Sargent on two grounds. First, the court finds that Plaintiff's claim of fraud does not fall into the exception to *res judicata* described in Sargent. The issue of fraud is precluded where Plaintiff had the opportunity to litigate the claim in the earlier action. In Sargent, the wife did not know of the fraud until well after the initial action, therefore her claim of fraud was not precluded. In the current case, Plaintiff not only knew of the alleged fraud at the time of the District Court proceeding, he raised the issue of fraud in that action. Because the issue of fraud was raised, between the same two parties, and a final judgment was issued, the issue of fraud is precluded.

Additionally, in Sargent, the Law Court found that the case was dismissed in error because Plaintiff could have justifiably relied upon the statements made by her husband. There is no such potential for justifiable reliance in the current action. As a matter of law, in order to prove an action for fraud or negligent misrepresentation Plaintiff must show that through Defendant's failure of reasonable care Defendant provided false information to Plaintiff, on which Plaintiff relied, causing Plaintiff damages. See Langevin v. Allstate Ins. Co., 2013 ME 55, ¶ 11, 66 A.3d 585, 590, citing St. Louis v. Wilkinson Law Offices, P.C., 2012 ME 116, ¶18, 55 A.3d 443.

Defendant has not provided any evidence beyond mere opinion and allegation that Plaintiff did not in fact have a healthcare expense of $90.50 a week at the time she submitted the child support affidavit to the District Court in December 2007. Defendant has submitted an affidavit stating that his attorney obtained one of Plaintiff's 2011 paystubs. Attorney McCullough has also submitted an affidavit that Defendant's 2011 paystub did not comport with the number supplied to the court in 2007. Plaintiff has not provided any evidence that Defendant provided false

2

information to Plaintiff in 2007. Furthermore, Plaintiff has not provided evidence that if there was any misinformation submitted by Defendant that it was a result of failure of reasonable care. Plaintiff has provided no evidence to support a contention of justifiable reliance.

For these reason, the court finds that <u>Sargent</u> is distinguishable from the case at hand. The Court denies Plaintiff's Motion for Reconsideration.

DATE:  **3/19/14**

_____
John O'Neil, Jr.
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
GREGORY MCCULLOUGH
MCCULLOUGH LAW OFFICES
1074 MAIN STREET
PO BOX 910
SANFORD ME  04073-0910


ATTORNEY FOR DEFENDANT :
BRADLEY C MORIN
BOURQUE & CLEGG
949 MAIN STREET
PO BOX 1068
SANFORD ME  04073