*me /*

STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-15-72

ALICE R. GOLDFINGER,

    Plaintiff,

v.

DAVID A. DUBINSKY,

    Defendant.

)
)
)
)
)
)
)
)
)
)

**STATE OF MAINE**
**Cumberland, ss, Clerk's Office**

**MAR 22 2016**

**RECEIVED**

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant David A. Dubinsky has moved for summary judgment on Plaintiff Alice R. Goldfinger's claims against him for fraudulent misrepresentation, fraudulent concealment, fraud on the court, and punitive damages. Oral argument was held on March 21, 2016.

Based on the entire record, Defendant's motion for summary judgment is denied.

### I. *Background*

Plaintiff Alice R. Goldfinger and Defendant David A. Dubinsky were previously married and are the parents of two children. (Def. S.M.F. Ex. E at 1.) The parties were divorced on June 16, 2009, docket number PORDC-FM-08-698. (Def. Supp. S.M.F. ¶ 1; Pl. Opp. S.M.F. ¶ 1.) Pursuant to the divorce judgment, Defendant was required to pay Plaintiff $186.00 per week in child support based upon his imputed income. (Def. S.M.F. Ex. A at 9.) Because Defendant claimed he was not currently employed at the time of the divorce proceedings, Defendant's child support obligation was suspended until July 2011. (*Id.* at 10.) The divorce judgment required the parties exchange copies of their tax returns or affidavits concerning their current income each year. (*Id.*) Also because Defendant claimed he was not currently employed, the divorce judgment also ordered Plaintiff to pay spousal support to Defendant in the amount of $500.00 per month until July 2011. (*Id.* at 14.)

1

Following the divorce judgment, the parties have been involved in numerous post-judgment proceedings regarding child support and other issues. (Def. Supp. S.M.F. ¶4; Pl. Opp. S.M.F. ¶ 4.)

The most recent post-judgment proceeding was a hearing on a motion by the Maine Department of Health and Human Services ("DHHS") to modify the child support order held on October 30, 2014. (*Id.* ¶ 8.) During the hearing, Defendant admitted under oath he had fabricated financial information related to calculation of child support from 2009 to 2013. (*Id.* ¶ 10.) Defendant admitted to falsifying tax returns and W2 forms to misrepresent and conceal his actual employment and income. (*Id.* ¶¶ 11-13.)

The family law magistrate issued a post-judgment order on December 3, 2014. (Def. S.M.F. Ex. E at 3.) Based on Defendant's admission that he had fabricated financial information, the family law magistrate found Defendant's testimony not credible. (*Id.*) The family law magistrate determined that Defendant was under-employed and imputed Defendant an income of $153,180.00 per year for the purpose of calculating child support. (*Id.*) The family law magistrate also denied Defendant's request for a downward deviation in child support because of his admission. (*Id.*) Rather, the family law magistrate found that an upward deviation was appropriate because of Defendant's failure to properly disclose his actual income, among other reasons. (*Id.*)

Plaintiff filed a complaint against Defendant on February 26, 2015. After an extension of time, Defendant filed an answer and counterclaim on April 10, 2015. Plaintiff's motion for leave to filed an amended complaint was granted on May 26, 2015. Defendant filed an amended answer on June 11, 2015.

Defendant filed his motion for summary judgment along with a supporting statement of material facts and exhibits on September 22, 2015. After an extension of time, Plaintiff filed an

opposition to Defendant's motion along with opposing and additional statements of material facts and exhibits on October 29, 2015. After multiple extensions of time, Defendant's filed a reply to Plaintiff's opposition on February 19, 2016.[1]

## II. Analysis

Defendant asserts he is entitled to summary judgment on three grounds. First, he is entitled to summary judgment because this court lacks subject matter jurisdiction over Plaintiff's claims. (Def. Mot. Summ. J. 6.) Second, he is entitled to summary judgment on his affirmative defense of *res judicata.* (*Id.* at 9); *see* M.R. Civ. P. 8(c). Lastly, he is entitled to summary judgment because Plaintiff's complaint fails to state any independent tort claims not precluded by *res judicata.* (*Id.* at 11.)

A.    Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). "To withstand a motion for summary judgment, the plaintiff must establish a prima facie case for each element of their cause of action." *Watt v. UniFirst*

---

[1] Defendant did not file a response to Plaintiff's additional statement of material facts until the day of oral argument. Most of the Plaintiff's additional facts were admitted for the purposes of

3

*Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (internal citation and quotation marks omitted). If a plaintiff fails to present sufficient evidence on the essential elements, then the defendant is entitled to a summary judgment. *Id.*

Regarding Defendant's first two grounds for summary judgment, whether a court has subject matter jurisdiction is a question of law for the court. *Windham Land Tr. v. Jeffords*, 2009 ME 29, ¶ 19, 967 A.2d 690. Additionally, the effect of a prior judgment on a present action and whether the doctrine of *res judicata* applies is also a question of law for the court. *State v. Thompson*, 2008 ME 166, ¶ 8, 958 A.2d 887. Summary judgment is an appropriate device for isolating such dispositive questions of law. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me. 1985).

B.     Subject Matter Jurisdiction

Defendant asserts that Plaintiff's claims are merely efforts to seek additional child support and spousal support. (Def. Mot. Summ. J. 7.) Plaintiff concedes that she "is not claiming any out-of-pocket expenses, lost wages, salary, or compensation. Her damages consist of the spousal support she paid and child support she would have been entitled to but did not receive due to Defendant's misrepresentations." (Def. Supp. S.M.F. ¶ 23; Pl. Opp. S.M.F. ¶ 23.) According to Defendant, because Plaintiff seeks compensatory damages for the amount of spousal support she paid and the amount of child support she would been have entitled to, Plaintiff's claims are, in essence, a post-judgment motion for modification of the divorce judgment and support order within the exclusive jurisdiction of the District Court. (Def. Mot. Summ. J. 6-9.) Thus, according to Defendant, this court lacks subject matter jurisdiction over Plaintiff's claims. (*Id.*)

The District Court has exclusive jurisdiction over all domestic relations actions. 19-A M.R.S. § 103. Furthermore, the Family Division of the District Court has exclusive

4

jurisdiction over all family matters, including all actions regarding divorce, spousal support, and child support. 4 M.R.S. § 183; 19-A M.R.S. §§ 901-908 (divorce); 19-A M.R.S. §§ 951-54 (spousal support); 19-A M.R.S. §§ 2001-12 (child support).

However, the Family Division of the District Court has no ability to address or authority to grant relief for many of the misrepresentations alleged in Plaintiff's complaint. In support of her fraud claims, Plaintiff asserts, *inter alia*, following: that Defendant gave false testimony about his employment and income from 2005 through 2008 at the May 2009 divorce hearing; that Defendant made repeated false representations regarding his employment and income in a child support affidavits dated July 2, 2008, February 2, 2010, April 19, 2010, November 5, 2013, and February 24, 2014; that Defendant made false representations regarding his employment and income in pleadings submitted to the court on March 18, 2010, and May 4, 2010; that Defendant provided Plaintiff with false tax returns for the years of 2009 through 2012; and, that Defendant gave false testimony about his employment and income during a hearing on January 29, 2014. (Pl. Add'l S.M.F. ¶¶ 12-38.)

The Family Division of the District Court has no ability to litigate claims based on these allegations. Though parties may bring post-judgment motions to modify child support orders at any time, child support orders may be modified retroactively only to the date that notice of the motion for modification was served upon the opposing party. 19-A M.R.S. § 2009(1), (2). Therefore, a motion to modify Defendant's child support order would not address nor compensate Plaintiff for Defendant's alleged past misrepresentations about his income.

Nor can the Family Division of the District Court relieve Plaintiff of the original divorce judgment and child support order based on Defendant's fraud. Under Maine Rule of Civil Procedure 60(b), the court may relieve a party from a judgment or an order that was the result of fraud, misrepresentation, or other misconduct by an adverse party. M.R. Civ. P.

5

60(b)(3). However, a motion for relief from a judgment or order based on fraud must be brought within one year from the entry of the judgment or order. M.R. Civ. P. 60(b). Therefore, because the divorce judgment and the initial child support order in this present action were issued in June 2009, Family Division of the District Court cannot relieve Plaintiff of the original divorce judgment and child support order under Rule 60(b).[2]

Additionally, some of the relief sought by Plaintiff is unavailable in the Family Division of the District Court. Specifically, punitive damages are not available in the Family Division of the District Court for actions regarding spousal or child support. *See* 19-A M.R.S. § 951-A (governing the types of spousal support that may be awarded); 19-A M.R.S. § 2006 (governing awards for child support); *see also Henriksen v. Cameron*, 622 A.2d 1135, 1140 (Me. 1993) (stating divorce provides no compensatory relief and spousal support is not intended to compensate for past deeds).

Furthermore, punitive damages may only be awarded for tortious conduct and only if court finds that the plaintiff establishes by clear and convincing evidence that the tortfeasor acted with malice, findings which the Family Division of the District Court does not make in determining spousal or child support. *Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318 (citation omitted); *see* 19-A M.R.S. §§ 951-A, 2006; 4 M.R.S. § 183. Thus, at least some of the relief sought by Plaintiff is unavailable in the Family Division of the District Court.

It may well be that some of the Plaintiff's claimed damages are unavailable in this case because they either were awarded or should have been sought, in the Family Division, but the possibility that some of her claims may be precluded does not justify precluding the claims that clearly are outside the jurisdiction of the Family Division.

---

[2] Furthermore, Rule 60(b) does not prevent the court from entertaining independent actions for fraud and misrepresentation. *Sargent v. Sargent*, 622 A.2d 721, 722 n.2 (Me. 1993).

Because the Family Division of the District Court has no ability to adjudicate many of Plaintiff's claims and because Plaintiff's complaint seeks punitive damages, Plaintiff's claim are not within the exclusive jurisdiction of the District Court. Therefore, this court has subject matter jurisdiction over Plaintiff's complaint. 4 M.R.S. § 105.

B.    Res Judicata

Next, Defendant asserts that Plaintiff's claims are barred by the doctrine of *res judicata* because Plaintiff's claims merely seek to relitigate issues that were adjudicated in the original 2009 divorce action and subsequent District Court hearings. (Def. Mot. Summ. J. 9-11.) Defendant also asserts that even if the fraud exception to *res judicata* applies to the 2009 divorce judgment and prior child support orders, Defendant's fraudulent conduct was fully litigated during the October 30, 2014 hearing before a family law magistrate and fully addressed in the December 3, 2014 post-judgment order. (Def. Reply to Pl. Opp'n to Def. Mot. Summ. J. 2.) Thus, according to Defendant, the December 3, 2014 post-judgment order precludes Plaintiff's claims for fraud. (*Id.*)

"The doctrine of *res judicata* is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once. The doctrine has developed two separate components, issue preclusion and claim preclusion." *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131 (internal citation omitted). "Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Id.* (internal citation omitted). However, the court has recognized a fraud exception to the doctrine of *res judicata*. *Sargent v. Sargent*, 622 A.2d 721, 723 (Me. 1993). A judgment obtained by fraud may not be the basis for the application of doctrine of *res judicata*. *Id.*

7

First, the 2009 divorce judgment and subsequent orders modifying child support do not bar Plaintiff's claims. In support of her opposition to Defendant's motion, Plaintiff asserts that the 2009 divorce judgment and the subsequent orders were the result of fraud and misrepresentation by the Defendant. (Pl. Add'l S.M.F. ¶¶ 12-38.) Defendant admitted to some these misrepresentations during October 30, 2014 hearing. (Def. Supp. S.M.F. ¶¶ 8-13.) Therefore, because the 2009 divorce judgment and subsequent orders modifying child support were the result of fraud, they have no *res judicata* effect and do not preclude Plaintiff's claims.

Second, the December 3, 2014 order modifying child support also does not preclude Plaintiff's present claims. Foremost, though Defendant did admit to certain false representations at the October 30, 2014 hearing, Plaintiff argues that Defendant's testimony at the hearing was still fraudulent, and therefore, the December 3, 2014, also has no *res judicata* effect. (Pl. Opp'n to Def. Mot. Summ. J. 7.) Plaintiff asserts that Defendant's testimony about his the length of his employment at National Veterinary Association and his compensation were false, that his testimony about the amount of unemployment benefits he received in 2013 was false, and that Defendant's testimony that he did not work for, nor receive any income from, Acro in 2011 or 2012 was also false. (Pl. Add'l S.M.F. ¶¶ 43-62.) Thus, there is at least a genuine issue of fact whether the December 3, 2014 post-judgment order was also the product of fraud and misrepresentation.

Additionally, the December 3, 2014 post-judgment order has no preclusive effect because the family law magistrate did not, and could not have, fully adjudicate Plaintiff's claims for fraud. Though the family law magistrate did consider Defendant's misrepresentations in determining whether a downward or upward deviation from the child support guidelines was appropriate, the family law magistrate's order ultimately rested on the magistrate's finding that the Defendant had the ability to pay the increased amount of child support going forward.

(Def. Supp. S.M.F. Ex. E at 3.) The family law magistrate's order did not seek to remedy Defendant's prior misrepresentations. Further, in order to adjudicate Plaintiff's fraudulent misrepresentation claim, the family law magistrate would have to determine whether the Plaintiff had proven by clear and convincing evidence the following: (1) that the Defendant made a false representation, (2) of material fact, (3) with knowledge of its falsity or in reckless disregard of its truth or falsity, (4) for the purpose of inducing reliance, (5) which the plaintiff justifiably relied to their detriment. *Me. Eye Care Assocs., P.A. v. Gorman*, 2008 ME 36, ¶ 12, 942 A.2d 707. The family law magistrate does not have the authority to make such determinations. 4 M.R.S. § 183. Thus, the December 4, 2014 post-judgment order has no preclusive effect on Plaintiff's fraud claims.

Therefore, Plaintiff's claims are not barred by the doctrine of *res judicata*.

C.     Independent Tort Claims

Lastly, Defendant asserts that, because Plaintiff only seeks damages for the amount of spousal support she paid and the amount of child support she would have been entitled to, Plaintiff's complaint fail to assert any independent claims not precluded by the doctrine of *res judicata*. (Def. Mot. Summ. J. 11-13.)

As discussed above, the court has determined that Plaintiff's fraud claims are not barred by the doctrine of *res judicata* and that Plaintiff may bring claims for fraud seeking damages for the amount of spousal support she paid and the amount of child support she would have been entitled to. Therefore, the fact that Plaintiff's complaint does not assert any additional tort claims is not relevant and does not warrant summary judgment.

*III. Conclusion*

Based on the entirety of the record, the court concludes that Plaintiff's claims for fraud are not within the exclusive jurisdiction of the District Court. Therefore, this court has

9

jurisdiction over Plaintiff's complaint. The court also concludes that Plaintiff's claims are not barred by the doctrine of *res judicata.*

It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

Defendant David A. Dubinsky's motion for summary judgment is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated March 22, 2016

A.M. Horton
Justice, Superior Court