STATE OF MAINE

SOMERSET, ss.

ROGER MARTIN, *et al.*,

Petitioners

v.

MAINE BOARD OF
DENTAL EXAMINERS,

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-013

DHM-SOM - 5/17/2000

DONALD L. GARBRECHT
LAW LIBRARY

MAY 22 2000

ORDER

This matter is before the court on respondent's motion to dismiss petitioner's M.R Civ. P. 80C petition for review. Petitioner Roger Martin fled his petition for review on July 19, 1999. He is seeking review of respondent Maine Board of Dental Examiners' decision adopting certain unspecified rules and regulations on an unspecified date regarding the profession of denturity. He alleges that the Maine Board of Dental Examiners (hereinafter MBDE) violated the Maine Administrative Procedure (hereinafter the APA) by adopting these rules without holding public hearings denying him and others the opportunity to participate in the rulemaking process. He claims that these rules have an adverse financial effect on his practice and that they limit the general public's right to choose their healthcare professionals. He asserts that he was not notified of MBDE's decision to adopt the rules and regulations. He requests that the public hearings on the rules be

reopened[1] and that implementation of the rules be stayed pending review by this court.

In considering a Rule 12(b)(6) motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, 731 A.2d 862. "A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Dexter v. Town of Norway*, 1998 ME 195, 715 A.2d 169. The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, 697 A.2d 1272.

MBDE argues that this court is without jurisdiction to hear this appeal pursuant to 5 M.R.S.A. § 8058 (1989). Section 8058(1) of the Maine code provides that "[j]udicial review of an agency rule . . . may be had by any person who is aggrieved in an action for declaratory judgment in the Superior Court conducted pursuant to Title 14, section 5951, et seq., which provisions shall apply to such actions wherever not inconsistent with this section . . . ." Section 8058(2) provides that the "failure to seek judicial review of an agency rule in the manner provided by subsection 1 shall not preclude judicial review thereof in any civil or criminal proceeding." Review of Martin's Rule 80C complaints reveals that he is only seeking review of MBDE's

---

[1] The fourth and fifth paragraphs of the petition allege the Board failed to hold public hearings. The last paragraph demands that the public hearings be "reopened." Petitioner has never explained this contradiction.

2

decision to adopt certain rules and regulations. Pursuant to section 5058(1), he needed to do this by filing a complaint for declaratory judgment pursuant to 14 M.R.S.A. § 5951-5963 (1980). Petitioner has not responded to MBDE's argument that this court is without jurisdiction to hear this appeal pursuant to 5 M.R.S.A. § 8058 (1989). For all these reasons, Martin's petition for judicial review should be dismissed as a Rule 80C appeal is not the proper way for him to seek review of MBDE's action adopting the rules.

Petitioner's only objection to defendant's motion to dismiss is to argue that the plaintiffs were parties-in-interest and consequently any calculation of the time within which a petition for review could be filed must commence from the date of notice to the party of interest. Petitioner submits that no notice of the Board's rules which became effective May 25, 1999, were ever forwarded to the plaintiff. Title 5, section 11002(3) of the Maine Code sets out two different periods of appeal depending on the appellant's role or status within the agency proceeding and decision appealed therefrom. If the appellant was a "party to the proceeding of which review is sought," then the petition for review must be filed within 30 days after the appellant receives notice of the agency action. If the appellant is "any other person aggrieved" by the decision, then he has 40 days from the date the decision was rendered within which to file a petition for judicial review. MBDE asserts that the 40-day period for persons aggrieved by a decision is applicable and that that

period expired prior to Martin filing his petition.[2] Martin claims that the 30-day period for parties applies because he was a party-in-interest and because the appeal period for parties runs from the date they receive notice of the agency decision, his appeal period has not expired because he has never received notice of the agency decision to adopt the rules. What then was Martin's status in the proceedings he is challenging?

The APA does not provide a definition for a "person aggrieved." However, the petitioner's complaint for review alleges that the rules MBDE has adopted have a negative impact on him financially. This allegation might qualify the petitioner as a person "aggrieved" by that action. However, the petition was not filed within the 40-day time period applicable to persons aggrieved by an agency decision. Accordingly, in order for this appeal to proceed, petitioner's complaint must show that he was a party to the rulemaking proceedings.

The APA defines "party" as:

A.     The specific person whose legal rights, duties or privileges are being determined in the proceeding;

B.     Any person participating in the adjudicatory proceeding pursuant to section 9054, subsection 1 or 2; and

C.     Any person bringing a complaint to Administrative Court under section 10051.

---

[2] MBDE adopted the rules on March 5, 1999. The 40-day appeal period expired on April 14, 1999. Martin did not file his petition until July 19, 1999.

5 M.R.S.A. § 8002(7) (1989). Only section 8002(7)(A) could possibly apply to the petitioner as he did not intervene in the proceedings as provided in section 9054(1) or (2) and he has not brought a complaint to Administrative Court. Therefore, the issue is whether Martin is a "specific person whose legal rights, duties or privileges [were] determined in the proceeding" adopting the rules.

In *Brown v. State, Dep't of Manpower Affairs*, 426 A.2d 880 (Me. 1981), the Law Court was presented the issue of whether a person who bid on a State contract in the competitive bidding process but was not awarded the contract was a "party" to that decision. In considering section 8002(7)(A), the Law Court found that it was "unconvinced that use of the word 'proceeding' in this definition [was] anything more than legislative shorthand for 'adjudicatory proceeding.'" *Id.* (citing 5 M.R.S.A. § 8002(1) (defining adjudicatory proceeding); L.D. 1768 (108th Legis. 1977) (commentary to 5 M.R.S.A. § 8002(7)). The Court concluded that the competitive bidding process was not an adjudicatory proceeding and noted that even if it were, the only person whose rights, duties or privileges were determined in the final decision awarding the contract were those of the person who was actually awarded the contract.

Considering the Law Court's analysis in *Brown*, it appears that in order for Martin to meet the definition of party in section 8002(7)(A), he needed to show in his petition that his legal rights, duties or privileges were determined in an adjudicatory proceeding. "Adjudicatory proceeding" is defined in the APA as "any proceeding before an agency in which the legal rights, duties or privileges of specific

5

persons are required by constitutional law or statute to be determined after an opportunity for hearing." 5 M.R.S.A. § 8002(1) (1989). Martin's petition does not show that he was the specific person whose legal rights, duties or privileges were determined in the rulemaking proceedings, rather, he has only shown that his rights were generally affected by the decision to adopt the rules. Therefore, the proceeding was not an adjudicatory proceeding and so Martin was not a "party" to those proceedings.

Additionally, the petition fails to show this court that Martin was entitled to a hearing prior to adoption of the rules under the Constitution or some specific statutory provision. In his petition, he asserts that the rules were adopted without a hearing in violation of the APA. However, the APA only requires that "[p]rior to the adoption of any rule, the agency shall give notice as provided in section 8053 and *may* hold a public hearing, provided that a public hearing is held if otherwise required by statute or requested by any 5 interested persons." 5 M.R.S.A. § 8052 (Supp. 1999) (emphasis added). Martin has failed to cite this court to any specific statutory provision expressly granting him the right to a public hearing prior to the adoption of the rules at issue. Under 32 M.R.S.A. § 1073(2) (1999), the MBDE is given the discretion to adopt rules in accordance with the APA necessary for the implementation of Chapter 16 of Title 32 which contains the statutory provisions governing denturists. Pursuant to 32 M.R.S.A. § 1100-C (1999), MBDE is require to adopt rules necessary to implement the statutory provisions specifically pertaining to denturists. Neither section 1073(2) nor section 1100-D require the MBDE to hold a

public hearing prior to the adoption of rules under those provisions and so the rulemaking proceedings were not "adjudicatory proceedings" under the APA. Martin has failed to show that the rulemaking proceedings were adjudicatory proceedings which determined his legal rights, duties or privileges and therefore he has failed to show that he was a party to those proceedings. Consequently, the 40-day period of appeal in 5 M.R.S.A. § 11002(3) (1989) applies. Because the petition was filed beyond the 40-day time period and because this court is without authority to extend this statutory time period,[3] MBDE's motion to dismiss should also be granted as Martin's petition was untimely filed.

For reasons stated above, the entry will be:

Respondent's motion to dismiss is GRANTED.

Dated: May _12_, 2000

Donald H. Marden
Justice, Superior Court

---

[3] *See Brown*, 426 at 887-88.

Date Filed 07/19/99  Somerset  Docket No. AP-99-013
County

Action Appeal - 80C

DONALD L. GARBRECHT
LAW LIBRARY

MAY 22 2000

Roger Martin et al Personally &
on behalf of The Maine Denturist       The Maine Board of Dental
Association                            Examiners
                                 vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Dale Thistle, Esq. PO Box 160 Newport ME 04953-0160 Tel: #368-7755 Bar: #7483 | James Bowie, AAG State House Station #6 Augusta ME 04333-0006 Tel: #626-8800 Bar: #2496 |

| Date of Entry | |
|---|---|
| 07/21/99 | Petition for Review and $120.00 Filing Fee received in hand from Attorney Dale Thistle on 07/19/99. Attested copy of the Petition and Docket Sheet forwarded to the Attorney General's office on this day. |
| 07/23/99 | Complaint Summary Sheet received and filed 07/23/99. |
| 07/29/99 | Letter filed to Clerk on 07/26/99: "Please enter my appearance for the Respondent. The Respondent opposes the petition for review, seeks dismissal of the petition for review and seeks affirmance of agency action. Thank you for your assistance." Very truly yours, James Bowie, AAG. |
| 08/18/99 | Proposed Order, Motion for Enlargement of Time with which to File the Record (with Incorporated Memorandum of Law), Proposed Order, Request for Hearing, Memorandum of Law in Support of Respondent's Motion to Dismiss the Petition for Review, and Motion to Dismiss the Petition for Review with Exhibit A & B all received and filed 08/17/99. |
| 08/19/99 | Order filed. The Maine Board of Dental Examiners' motion for enlargement of time within which to file the record is GRANTED, without objection; The time for filing the agency record is enlarged to thirty (30) days after entry of this Court's order on the Board's pending motion to dismiss the petition for review. Dated this 18th day of August 1999 at Skowhegan, Maine. /s/ Francis C. Marsano, JSC. cc: Dale Thistle, Esq. and James Bowie, AAG. |
| 09/14/99 | Plaintiff's Objection to Defendant's Motion to Dismiss received and filed 09/08/99. |
| 09/21/99 | Respondent's Reply to Petitioner's Objection to Dismissal with Exhibit A all received and filed 09/16/99. |
| 12/03/99 | Case was scheduled for hearing on Motion to Dismiss the Petition for Review for 12/07/99. Motion to Continue filed |

| Date of Entry | |
|---|---|
| | |
| 12/03/99 | Motion for Continuance received and filed 12/01/99. Motion Granted. Clerk to reset. Dated this 2nd day of December 1999 at Skowhegan, Maine. /s/ Jeffrey L. Hjelm, JSC. cc: Dale Thistle, Esq. and James Bowie, AAG. |
| 01/18/00 | Case scheduled for hearing on Motion to Dismiss the Petition for Review on January 11, 2000 before the Hon. Donald H. Marden. Dale Thistle, Esq. present for Plaintiff and addressed court. Richards was the attorney present for the Defendant, in place of James Bowie, AAG, and addressed court. Case taken under advisement. |
| 05/19/00 | Order filed. SEE ORDER FOR FURTHER DETAILS. Respondent's motion to dismiss is GRANTED. Dated: May 17, 2000 /s/ Donald H. Marden, JSC. cc: Dale Thistle, Esq. and James Bowie, AAG., Ms. Deborah Firestone, The Donald Garbrecht Law Library, Goss Data Services. |