**Thomas M. MANGAN, Plaintiff**

v.

**Thuy Thi RUMO, Defendant**

**No. CIV.02–26–P–H.**

United States District Court, D. Maine.

Oct. 18, 2002.

Thomas M. Mangan, Lewiston, ME, Pro se.

James B. Haddow, Esq., Petruccelli, Martin & Haddow, LLP, Portland, ME, for Thuy Thi Rumo, Defendant.

## ORDER ON PENDING MOTIONS

HORNBY, Chief Judge.

Thomas Mangan was disbarred on March 10, 2000. *Board of Overseers of the Bar v. Mangan,* No. Bar 99–5 (findings), ¶ 54, (Me.2000); *Board of Overseers of the Bar v. Mangan,* No. Bar 99–5 (sanction) (Me.2000); *Board of Overseers of the Bar v. Mangan,* 763 A.2d 1189 (Me.2001) (affirming sanction). The disbarment action grew out of accusations brought by Thuy Thi Rumo, a former client. Mangan now has sued Rumo for malicious prosecution, abuse of process, intentional interference with an advantageous relationship, defamation, and intentional infliction of severe emotional distress. Rumo has counterclaimed for malpractice; negligent and intentional infliction of emotional distress; and punitive damages. Jurisdiction is based on diversity of citizenship and Maine law applies. Both parties have moved for summary judgment and other relief.

## I. PLAINTIFF'S CLAIMS; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Rumo's motion for summary judgment is **GRANTED** on the claims of malicious prosecution, abuse of process, interference with an advantageous relationship and defamation, and **DENIED** on the claim of intentional infliction of emotional distress.

### Malicious Prosecution

Under Maine law, a claim for malicious prosecution requires that criminal prosecution have been initiated with malice and without probable cause and that the prosecution have ended favorably to the accused. *Nadeau v. State of Maine,* 395 A.2d 107, 116 (Me.1978). Although Rumo did make a complaint to the Lewiston police, prosecution was never initiated against Mangan. He therefore has no claim for malicious prosecution.

### Abuse of Process

Under Maine law, a claim for abuse of process requires an ulterior motive and an improper use of process in a civil lawsuit that has otherwise been filed properly. *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 708 A.2d 651, 655, n. 8 (Me.1998) (citation omitted). Examples are abuse of discovery, subpoenas, or attachments. *Id.,* quoting *Simon v. Navon,* 71 F.3d 9, 15 (1st Cir.1995). There is nothing in Mangan's claims that fits abuse of process.

### Interference With an Advantageous Relationship

Under Maine law, a successful claim of interference with an advantageous relationship requires "the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." *Barnes v. Zappia,* 658 A.2d 1086, 1090 (Me.1995). Usually a specific

current or prospective business relationship is involved, but I will assume (without deciding) that destroying the entire ability to practice a profession by disbarment also qualifies.[1]

■ Mangan claims that the interference here was by fraud and that the fraud was in accusing him of rape or otherwise forced sexual conduct. But the disbarment decision forecloses his arguments. The single justice, Justice Saufley, rejected Rumo's claims of rape and physically forced sexual conduct. Justice Saufley based her disbarment decision solely on Mangan's improper use of a client escrow account; his neglect of legal matters and failure to account for receipts; and engaging in a sexual relationship with a client that adversely affected representation of the client and abused the attorney-client relationship in the context of the sexual relationship. *Board of Overseers of the Bar v. Mangan*, 763 A.2d 1189, 1190, n. 1 (Me.2001); *see also Board of Overseers of the Bar v. Mangan*, No. Bar 99–5 (order on motion for relief from judgment), ¶¶ 10–12 (Me.2001) (stating specifically that rape was not found and that the allegations of rape had no impact on the decision). The Supreme Judicial Court affirmed on the same grounds. *Board of Overseers of the Bar v. Mangan*, 763 A.2d 1189 (Me.2001). The allegedly fraudulent accusations of

rape and physically forced sexual conduct therefore simply did not produce the disbarment which, in the end, is the claimed interference.[2]

### Defamation

■ Mangan's two counts of defamation were dismissed following Rumo's 12(b)(6) motion because he failed to allege any defamatory statements occurring recently enough to meet statute of limitations requirements. His motion to amend the pleadings to add reference to an alleged statement of January 13, 2000, was subsequently granted. But Mangan has never filed an amended complaint, and Rumo's current motion for summary judgment has revived the statute of limitations issue: once raised it becomes one of the elements that Mangan is required to support with record evidence. He has provided no record evidence of a January 13, 2000 statement. Mere assertions that such evidence exists are insufficient to defeat a motion for summary judgment. Because Mangan has elected to rest on his pleadings with respect to this element, Rumo is entitled to summary judgment on these counts.

### Intentional Infliction of Severe Emotional Distress

■ There is a material question of fact whether Rumo made allegations of

---

1. It actually sounds more like a defamation claim.

2. In his memorandum only, Mangan alleges that Rumo also falsely claimed that she was induced to exchange sex for his services in lieu of fees. Not only did he fail to properly plead the allegation in his complaint or raise it in his response to Rumo's statement of material facts, *see* Loc. R. 56(e), but he is also collaterally estopped from litigating that claim due to the holdings of Justice Saufley. "Collateral estoppel bars plaintiff from asserting an issue of fact or law that was actually litigated on the merits and determined by a valid final judgment in a prior action if the

issue was essential to the judgment." *Sargent v. Buckley*, 697 A.2d 1272, 1274 (Me.1997) (citation omitted). In this, a case of defensive collateral estoppel, mutuality of the parties is not an issue. *Id.*, at 1275, citing *Hossler v. Barry*, 403 A.2d 762, 768 (Me.1979). Mangan was under a similar incentive to prevail on this issue in his disbarment proceeding and failed. In paragraphs 52 and 53 of her opinion (No. Bar 99–5 (Me.2000)), Justice Saufley details what may be fairly characterized as a lawyer using the fact that a client could not pay for services to coerce that client into having sex with him. Accordingly, he will not be afforded an opportunity to re-litigate it here.

rape and if so, whether they were intentionally false. Because Justice Saufley did not find that rape or physically forced sexual conduct occurred,[3] Mangan is not foreclosed from claiming that Rumo falsely accused him of rape. Intentionally false allegations of rape could amount to outrageous behavior intolerable in a civilized society. *See, e.g., Vicnire v. Ford Motor Credit Co.,* 401 A.2d 148, 154 (Me.1979); *Latremore v. Latremore,* 584 A.2d 626, 633 (Me.1990). Rumo's request for summary judgment on this count is therefore DE-NIED.

## II. DEFENDANT'S COUNTERCLAIMS; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS; AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Rumo has filed four counterclaims against Mangan: lawyer malpractice; negligent and intentional infliction of emotional distress; and punitive damages. Both parties have moved for summary judgment on all four counterclaims.

Mangan's motion for summary judgment on the counterclaims is DE-NIED for the following reasons. Mangan seeks elimination of Count 1 because Rumo has not listed an expert to testify about the applicable standard of care for a lawyer, but a lawyer's duty to a client is also that of a fiduciary. *See Sargent v. Buckley,* 697 A.2d 1272, 1275 (Me.1997); Jack H. Simmons, et al., *Maine Tort Law* § 9.27 (2001). No expert is required to let a factfinder determine whether Mangan breached that duty as, for example, by divided loyalties if he was using his fiduciary position to carry on a sexual relationship with Rumo.

Counts 2 and 3 are respectively the negligent and intentional infliction of severe emotional distress. There is enough on the summary judgment record to permit these claims to reach a factfinder.

As for Count 4, the punitive damages claim, Rumo does not claim express malice, but implied malice. Recklessness is not enough, *Tuttle v. Raymond,* 494 A.2d 1353, 1361 (Me.1985), and perhaps recklessness is what Mangan is guilty of, but the factfinder will have to hear the facts and circumstances of Mangan's conduct to determine, by clear and convincing evidence, whether it reaches the implied malice threshold. *Id.* at 1354.

Rumo's motion for summary judgment on her own counterclaims is likewise DE-NIED. I have permitted Rumo to rely upon some of the disciplinary findings and conclusions in *defending* against Mangan's summary judgment motion, but I am far less willing to let her rely upon them *offensively* in seeking liability against Mangan. The Maine Law Court has made clear that offensive use of collateral estoppel is more problematic and must be addressed on a case-by-case basis. *See Hossler v. Barry,* 403 A.2d 762, 769 (Me.1979). "We require that the identical issue necessarily was determined by a prior final judgment and that the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding." *State Mutual Ins. Co. v. Bragg,* 589 A.2d 35, 37 (Me.1991). On the summary judgment record, I am not satisfied those criteria have been met. Perhaps I will be satisfied at trial.

## III. OTHER

Mangan's motion for sanctions (actually, a request that I dismiss the counterclaims for failing to list expert witnesses) is DE-

---

**3.** Justice Saufley found that they did not occur, but that finding does not bind Rumo because Rumo was not a party to the disbarment proceeding. If this case proceeds, therefore, the claim of false rape allegations will require the factfinder to determine (a) whether the allegations were made and (b) whether they were false.

NIED. Rumo's motion to strike is also DE-NIED.

What remains for trial, then, are Mangan's claim of intentional infliction of emotional distress through false rape allegations and Rumo's counterclaims based upon a sexual liaison during a lawyer-client relationship. The trial will not be pretty. Both parties would be well advised to put this matter behind them before then. The record they have compiled in this court, however, gives little reason for optimism.

So ORDERED.