STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. CV-04-67

DER KEN - ///o /o

TANYA & GARRY PEASE,

        Plaintiffs

    v.                                  **DECISION AND ORDER**

ROBERT R. KESTER, M.D.,      DONALD L. GARBRECHT
                                        LAW LIBRARY

        Defendant

JUN 1 2005

This matter is before the Court on Defendant's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6).

In July of 1996, Defendant Robert R. Kester, M.D. (hereinafter "Defendant" or "Dr. Kester") began treating Michael Commeau (hereinafter "Commeau") for complaints of erectile dysfunction. Initially, the course of treatment involved only medication. However, in January of 1998, Commeau contacted the Defendant and reported that his wife had died of an aneurysm, that he had started seeing other women, and wanted a more permanent solution to his condition. Thereafter, Dr. Kester contacted the State of Maine, Department of Human Services, Medicaid Division explaining that the treatment that Commeau was receiving was not optimal for the long-term. The Defendant also stated that he had had a long discussion with Commeau about the risks and benefits of penile implant surgery. Medicaid authorized reimbursement for this procedure, and the Defendant implanted a penile prosthesis in Commeau on March 31, 1998, at Central Maine Medical Center in Lewiston.

By the time Commeau was 41 years old, he had spent over 20 years in correctional institutions in Maine, Massachusetts and Kansas. At the time of the

surgery, he had been convicted of crimes in which he had raped and sexually assaulted three women, and had been convicted of a felony assault and battery on a fourth woman that was a failed attempt at a rape. Additionally, Commeau was alleged to have committed four other rapes and sexual assaults that did not result in convictions.

On October 14, 2000, Commeau abducted Plaintiff Tanya Pease (hereinafter "Plaintiff" or "Pease") as she was leaving her place of employment in Monmouth. Commeau then forced Pease to drive them to a secluded area where he proceeded to sexually assault her. Commeau was apprehended and, on November 1, 2001, was convicted of gross sexual assault and kidnapping. It was not until this date that Pease learned that Commeau had a penile prosthesis. The Kennebec County District Attorney's Office had intentionally not informed her of this fact to bolster the credibility of certain parts of her testimony that pertained to the identification of her attacker, who was unknown to her.

On March 30, 2004, Pease filed the present complaint, asserting that Dr. Kester owed her a duty of care to refrain from providing a non-medically necessary penile implant to Commeau without making a reasonable inquiry into his social and criminal history. Pease further asserts that the breach of this duty was the proximate cause of injuries inflicted upon her by Commeau. In count II of the complaint, Pease's husband Garry asserts a claim for loss of consortium.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts

that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275. If, on a motion to dismiss, matters outside the pleadings are presented and considered by the court, the motion shall be treated as one for summary judgment. *See* M.R. Civ. P. 12 (b).

The Defendant argues that the present complaint is, in reality, a medical malpractice action. The Defendant first quotes from the Maine Health Security Act[1] (the "MHSA") definition of the phrase "action for professional negligence", which includes "any action for damages for injury or death against any health care provider...whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S.A. § 2502(6) (2003). Dr. Kester also notes that "[t]he broad statutory definition...reveals the legislature's intention that the MHSA fully occupy the field of claims brought against health care providers". *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996); *See also Butler v. Killoran*, 1998 ME 147, ¶ 6, 714 A.2d 129, 132 (recognizing broad scope of definition of action for professional negligence). In the Defendant's view, the inference to be drawn from the complaint is that, had Dr. Kester performed a criminal check and found the history of convictions for sexual assault, he would not have performed the surgery. Hence, because he did not perform the check, he negligently performed surgery that he should not have performed. In that this course of action involves the treatment decisions of a physician, this is a professional

[1] 24 M.R.S.A. § 2501 *et seq.* (2003). Subchapter 4-A of the MHSA, which contains pre-litigation screening and mediation provisions, may be referred to as either subchapter 4-A or as 24 M.R.S.A. § 2851 *et seq.*

malpractice action covered by the MHSA. Dr. Kester notes that pursuant to the MHSA, the Plaintiffs should have brought a notice of claim and not a complaint. The MHSA requires that "[n]o action for professional negligence may be commenced until the plaintiff has: (A) Served and filed written notice of claim in accordance with section 2853; (B) Complied with the provisions of subchapter 4-A; and (C) Determined that the time periods provided in section 2859 have expired." 24 M.R.S.A. § 2903(1) (2003). Thus, the plaintiffs' failure to proceed through the MHSA requires this court to dismiss the entire complaint.

Moreover, Dr. Kester contends that the Plaintiffs have missed the three-year statute of limitations period provided in 24 M.R.S.A. § 2902 covering medical malpractice claims. The Defendant notes that a cause of action accrues on the date of the act or omission giving rise to the injury. *See Welch v. McCarthy*, 677 A.2d 1066 (Me. 1996). Further, Dr. Kester asserts that the relevant act in this case was the surgery performed on Commeau on March 31, 1998. Because more than three years have passed since this date, the Defendant argues that this motion to dismiss must be granted.

In response, the Plaintiffs concede that if this is in fact a medical malpractice case, then their claim is barred as untimely and also for their failure to comply with the provisions of 24 M.R.S.A. § 2851 *et seq*. The Peases first attempt to distinguish the *Butler* and *Dutil* cases by pointing out that neither involves a claim brought by a third party who was not a patient. Additionally, the Plaintiffs assert that the holdings in *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364 (Me. 1987) and *Flanders v. Cooper*, 1998 ME 28, 706 A.2d 589 refute the Defendant's characterization of this case. The *Joy* case involved a negligence claim brought by a third party injured by a patent against a physician who treated the patient. The Law Court stated that a doctor who knows or

reasonably should know that his patient's ability to drive safely had been affected by his treatment had a duty to the driving public as well as to the patient. *See Joy*, 529 A.2d at 1366. In *Flanders*, a patient's father brought a notice of claim against a physical therapist who allegedly planted false memories of child sexual abuse perpetrated by the father. The Plaintiffs point out that the Law Court in *Flanders* did not abolish third party liability of health care providers, but instead clarified and distinguished its decision in *Joy*. In particular, it stated as follows:

> ...there was no allegation in *Joy* that the treatment for the eye abrasion was negligent. The warning about the risks of driving dealt only with the aftermath of the treatment. Thus, the recognition of the physician's duty to the driving public to warn the patient of the risks of driving did not implicate the treatment decisions of the physician.

*Flanders*, 1998 ME 28, ¶ 6, 706 A.2d at 592. The Peases argue that *Flanders* distinguishes between injuries to third parties that arise from the negligence of a physician, which must follow the dictates of the MHSA, and claims such as that in *Joy*, which deal with risks to third parties which arise in the "aftermath of treatment". The Plaintiffs state that they are not alleging that Dr. Kester, in providing the medical treatment to Commeau, did anything negligent in the provision of that treatment and, therefore, this case does not fall within the ambit of the MHSA. Rather, they characterize the complaint as "a general negligence case", which must be filed within six years of the date of the implant.

In reply, the Defendant points out that a plain reading of the complaint shows that, contrary to the their argument, Plaintiffs do in fact allege that he was negligent in providing treatment to Commeau. Specifically, Dr. Kester notes allegations that he "owed a duty of care to Plaintiffs...to refrain from providing a non-medically necessary penile implant to [] Commeau without making reasonable inquires into his social and criminal history." Also, that "[a]s a result of [Dr. Kester's] failure to use reasonable care

[in making these inquires], Plaintiff [] sustained serious physical and psychological injury...." The Defendant contends that these allegations directly implicate the treatment decisions he, a physician, made in providing health care services, and therefore, the MHSA applies.

Also, Dr. Kester contends that assuming any of his conduct created a "risk" to anyone, the risk occurred during the provision of health care services, not in the aftermath of those services. The mere fact that the Plaintiffs' injuries occurred later is inconsequential. Therefore, Dr. Kester believes this case is more akin to the facts of *Flanders* than it is to *Joy*.

As the Defendant has correctly pointed out, a plain reading of the Plaintiffs' complaint shows it to contain allegations that he was negligent in failing to inquire into Commeau's social and criminal history as part of the treatment process. There is no indication or allegation that such inquires are in anyway divorced from the course of treatment. The Plaintiffs' assertion that they do not allege any negligence in the provision of health care services in response to a motion to dismiss does not change this fact. Therefore, since the allegations of the complaint assert an "action for professional negligence" against Dr. Kester, the Plaintiffs are bound by the provisions of the MHSA. Insofar as the Plaintiffs concede that they have failed to comply with the Pre-Litigation Screening Panel procedures and missed the statute of limitations provided under the Act, the Defendant's motion to dismiss must be granted.

Because the Court may properly dispose of this case on procedural issues alone, it need not address whether the Defendant owed the Plaintiffs a duty of care, or whether Defendant's conduct was the proximate cause of Plaintiffs' injuries.[2]

---

[2] Also pending is Defendant's motion to strike certain references contained in Plaintiffs' opposition memorandum, or in the alternative, for leave to submit a statement of material facts in response to those references. This motion

The entry will be:

      Defendant's motion to dismiss is GRANTED; plaintiff's complaint is DISMISSED.

Dated: January 12, 2005

Donald H. Marden
Justice, Superior Court

---

relates to deposition testimony given by Dr. Kester relating to his treatment of Commeau that the Plaintiffs cite in *their memorandum. The Defendant contends that matters outside of the pleadings such as these are inappropriate* for consideration on a motion to dismiss, and may transform said motion into one for summary judgment. See M.R. Civ. P. 12(b).

TANYA PEASE   - PLAINTIFF
489 TURKEY LANE
WINTHROP ME 04364
Attorney for: TANYA PEASE
M MICHAELA MURPHY   - RETAINED 03/30/2004
JABAR BATTEN RINGER & MURPHY
ONE CENTER STREET
WATERVILLE ME 04901-5495

Attorney for: TANYA PEASE
C DONALD BRIGGS   - RETAINED 03/30/2004
BRIGGS & COUNSEL
815 COMMERICAL STREET
ROCKPORT ME 04856

GARRY PEASE   - PLAINTIFF
489 TURKEY LANE
WINTHROP ME 04364
Attorney for: GARRY PEASE
M MICHAELA MURPHY   - RETAINED 03/30/2004
JABAR BATTEN RINGER & MURPHY
ONE CENTER STREET
WATERVILLE ME 04901-5495

Attorney for: GARRY PEASE
C DONALD BRIGGS   - RETAINED 03/30/2004
BRIGGS & COUNSEL
815 COMMERICAL STREET
ROCKPORT ME 04856

vs
ROBERT R KESTER MD   - DEFENDANT
10 HIGH STREET
LEWISTON ME 04240
Attorney for: ROBERT R KESTER MD
GEORGE SCHELLING   - RETAINED
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Attorney for: ROBERT R KESTER MD
SANDRA L ROTHERA   - RETAINED 04/29/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Attorney for: ROBERT R KESTER MD
RENEE L INMAN   - RETAINED
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2004-00067

**DOCKET RECORD**