STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-12
*DHM - KEN-12/12/2006*

KENNETH WRIGHT,

Petitioner

v.

MAINE DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

Respondent

ORDER ON MOTION
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 9 2007

This matter is before the court on respondent's motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief may be granted.

Petitioner, acting pro se, has filed a handwritten note requesting that the court grant him the right to a fair hearing by respondent in regard to certain allegations. The court has docketed and proceeded in the matter pursuant to M.R. Civ. P. 80C. In papers submitted to the court, the petitioner explains that he is the biological father of two boys, the oldest of which, Timothy (age five at the time of the allegation), he is accused of sexually molesting. In September 2002 Wright was served with a protection from abuse order by his local constable. He was in touch with a DHHS worker in Machias, and before meeting with her, against a lawyer's advice, took a lie detector test at a local police precinct, which he passed. Two weeks before being served with the order of protection, Wright had informed his wife he would be filing for custody of his son, presumably as part of divorce proceedings, as she used drugs and had numerous partners.

Petitioner works bridge construction, and was employed in Belfast, but then moved to Caratunk where he spent six out of seven days a week away from home, and

thus did not receive any mail from DHHS, informing him that the abuse allegations involving Timothy had been substantiated. Wright saw his son sporadically over the next couple of years, at birthdays and holidays. At Timothy's seventh birthday party in 2004, Wright brought his new girlfriend, and his ex-wife agreed that it would be all right for Timothy to spend more time with them. Wright's ex-wife never mentioned that child abuse allegations had been substantiated against him.

In September 2004, Wright was contacted by a DHHS worker from the Bangor office. At the meeting with the worker, Wright was informed that he had an abuse allegation substantiated against him, to which he had 30 days to respond. He has not seen Timothy since. In June 2005, Wright was living with his fiancé and her children, ages five and 11. A DHHS worker investigated their home, based on the substantiated allegations against Wright, but found no evidence of any inappropriate behavior.

The DHHS rendition of the facts, contained in its motion to dismiss, recite that it substantiated an abuse allegation against Wright in October 2002, and attempted to mail a letter informing Wright of that fact three times, return receipt requested. The letter was finally returned to DHHS as unclaimed. In the meantime, though the substantiation decision had already been made, Wright returned a call from a DHHS caseworker in mid-October, who agreed to meet with him at her office to discuss the matter. Wright failed to show up for the appointment. Two years later, in September 2004, Wright was contacted by DHHS and told he had 30 days to request a hearing on the original substantiation from two years ago. He requested the review, and DHHS reviewed his record. In January 2005, DHHS mailed Wright a letter informing him that the substantiation decision was upheld, but that a hearing would be available to him. That letter was not received, for reasons that are unclear, until August 2005, at which point

Wright requested a hearing. DHHS had mistakenly informed him that a hearing would be available to him, and then rescinded the offer of a hearing.

DHHS argues that the petitioner's request "that the court grant [him] the right to a fair hearing by DHHS in regards to the allegations against [him]" is not appropriately before this court nor in front of DHHS, as the petitioner's case has been closed there for some time. Rather than file a record, respondent filed its motion to dismiss and petitioner has filed a response.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

The petitioner argues that he never knew that allegations of child abuse had been substantiated against him. He was apparently misinformed at the police station where he took the lie detector test, that Rosa Tucker, the Machias DHHS caseworker, would be informed of the results and the matter would be closed. He never received any written communication from DHHS regarding the matter until August 2005, almost three years after the incident, and feels that he was never given a fair hearing in which to defend the allegations made against him.

In its motion to dismiss, DHHS begins by stating that its substantiation of an allegation of child abuse or neglect "has no effect on any legal right or status of any person. In this instance, DHHS took no further action in the case, such as placing Timothy in foster care, which would have then implicated the petitioner's parental rights. At the time the allegation was substantiated against Wright, DHHS had not adopted rules that would have allowed him to request a hearing on the matter. However, on November 1, 2003, new rules did take affect that would have allowed for

such a hearing. In an abundance of caution, DHHS reviewed petitioner's file in January 2005, though it was not required to do so. It also scheduled an administrative hearing on the matter, but then cancelled it, when it realized that the allegations stemmed from 2002, before the rules changed, permitting such a hearing.

DHHS next asserts that the court does not have proper subject matter jurisdiction over the case as no final agency action was ever taken. *See* 5 M.R.S.A. § 8002(4). "Final agency action" is defined as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." *See* 5 M.R.S.A. § 8002(4). DHHS clarifies that the substantiated allegation of child abuse "does nothing to affect [petitioner's] legal rights to see his son." DHHS did not take the additional step of obtaining a court order to interfere with those legal rights. DHHS thus seems to indicate that it has not played a role in separating petitioner from Timothy for the past year or so.

Finally, DHHS contends that it offered many opportunities for Wright to either meet with caseworkers to discuss the matter or request an administrative hearing, which Wright failed to do in a timely manner. DHHS made repeated attempts to contact petitioner by mail and telephone at his last known address. Petitioner failed to attend a scheduled meeting in October 2002 with a caseworker and never followed up with her when he missed that meeting. As petitioner failed to exhaust the administrative remedies available to him, he may not now avail himself of the jurisdiction of the Superior Court. *See Suzman v. Comm'r, Dep't of Health & Human Servs.*, 2005 ME 80, ¶ 28, 876 A.2d 29, 37.

In a response letter to the court, petitioner does acknowledge that he changed addresses, and that may be why he never received the various notices from DHHS.

However, he requests the sympathy of the court by stating that he is veteran, and is now on psychiatric medication, in therapy, and destroyed mentally by being wrongly accused of being a child molester. He feels particularly aggrieved by being informed by DHHS that he could have a hearing on the matter in November 2005, and then having that offer rescinded, because DHHS apparently misread its own rules.

From reading of the relevant statutes, it is clear that the mere substantiation does not affect legal rights. Use of that substantiation by the respondent in any fashion may affect petitioner's legal rights at which time all constitutional protections of due process would be afforded. Certainly, should the Department interfere with petitioner's ability to develop a relationship with his son, such would constitute an effect on his legal rights as the biological father. Therefore, there has been no final agency action affording this court jurisdiction over this matter.[1]

The entry will be:

Respondent's motion to dismiss is GRANTED.

Dated: December___/2___, 2006

Donald H. Marden
Justice, Superior Court

---

[1] It is difficult for the court to understand why a matter of such importance to the petitioner would not motivate him to assure timely exposure to his mail and, most importantly, failure to make an appointment with a caseworker specifically for the purpose of explaining his position and affording him something in the nature of a hearing. While Mr. Wright may not have waived his rights and the Department has been less than efficient in their notifications to Mr. Wright, he certainly cannot complain when he has not made appropriate attempts to accept the assistance offered by the respondent.

Date Filed ___1/19/06___  ___Kennebec___  Docket No. ___AP06-12___
County

Action ___Petition for Review___
80c

Kenneth E. Wright  VS.  Maine Department of Health & Human Servi

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kenneth E. Wright, Pro Se<br>65 Jones Road<br>Windsor, Maine  04363 | Matthew Pollack AAG<br>State House Sta 6<br>Augusta Maine  04333 |

| Date of Entry | |
|---|---|
| 1/19/06 | Petition for Review, filed. s/Kenneth Wright, Pro Se |
| 1/25/06 | Acknowledgment of Receipt of Summons and Complaint or Post-Judgment Motion served on the Department of Human Services on 1/19/06 |
| 3/6/06 | Respondent's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief May be Granted, filed. s/Pollack, AAG<br>Memorandum in Support of Respondent's Motion to Dismiss, filed. s/Pollack, AAG |
| 3/7/06 | Response to Motion to Dismiss, filed. s/Kenneth Wright, Pro Se |
| 04-26-06 | Motion for Dismissal held Justice Donald Marden on 04-25-06. Plaintiff Pro Se, and Attorney Mary Zmigrodski appeared on behalf of Defendant. Decision under Advisement as of this date. |
| 12/12/06 | ORDER ON MOTION TO DISMISS, Marden, J.<br>Respondent's Motion to Dismiss is GRANTED.<br>Copies mailed to Pltf. and atty of record.<br><br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |