STATE OF MAINE                           SUPERIOR   COURT
PENOBSCOT, ss.                           CIVIL ACTION
                                         DOCKET NO CV-11-107


RANDALL B. HOFLAND,

        Plaintiff,
        v.                               ORDER
BANGOR DAILY NEWS, et al.,

        Defendant.


Randall Hofland, *pro se,* has filed a twenty-five count complaint against the

Bangor Daily News, various employees, and unknown persons, all represented by

Bernard Kubetz, Esq. The defendants promptly filed a motion to dismiss pursuant to

M.R.Civ. P. 12(b)(6), which the Court addresses in this Order.

After jury trial in Waldo County, Plaintiff was found guilty of thirty-nine

criminal counts related to his armed kidnapping and hostage taking of fifth grade

students at the Stockton Springs Elementary School. He was sentenced to thirty-five

years imprisonment on March 14, 2011.  The Bangor Daily News published a variety of

articles concerning the case, both before and after trial. While awaiting trial as well as

after conviction, Mr. Hofland filed a variety of civil law suits in federal and state courts

against several defendants. All have been dismissed with prejudice.

The present complaint contains allegations that can be classified in certain

categories. In Count 1., plaintiff complains that the defendant newspaper refused to

publish a letter he wrote to the editor. In Counts 2-6, the plaintiff asserts that the

defendants "knowingly, willfully, and maliciously", libeled the plaintiff in a series of

articles concerning events prior to, during, and after the kidnapping. Plaintiff

apparently asserts that certain local law enforcement agencies acted inappropriately

toward him and these actions "incited " his kidnapping of children. He emphasizes

repeatedly in these counts that the defendants failed to fact check and use information he provided to the writers, but never describes any false statements published by any defendant. In counts 7-9, he repeats the allegations pertaining to libel, but describes them as being a violation of his state and federal constitutional rights. In count 10, he alleges that the defendants "knowingly, willfully, and maliciously created animus... causing false convictions. Plaintiff alleges that the defendants were engaged in a conspiracy to engage in wire fraud, mail fraud and obstruction of justice in counts 11-14, while he re-alleges libel and fraud in the remaining counts, in which he requests the Court to issue a Declaratory Judgment.

## ANALYSIS

In deciding a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the Court must accept the allegations in the complaint to be true, and examine the acts in a light most favorable to the plaintiff in order to determine whether those facts could entitle the plaintiff to relief according to a legal theory. *Sargent v. Buckly*, 1997 ME 59, ¶ 10, 697 A.2d 1272, 1 275. The Court, however does not have to accept the truth of legal conclusions merely because they are described in the form of factual allegations. *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citing *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969). With this standard in mind, the Court will address the sufficiency of plaintiff's complaint.[1]

I. LIBEL CLAIMS

Modern notice pleading requires that a complaint provide fair notice of a claim and a generalized statement of the facts may fulfill this function. *E.N. Nason, Inc. v. Land-Ho Dev. Corp.*, 403 A.2d 1173, 1177 (Me. 1979). When a Maine Rule of Civil

---

[1] The defendants argue in their brief that this action is barred by the two-year statute of

Procedure is identical to its federal counterpart, a Maine court should value constructions and comments on the federal rule as aids in construing the parallel Maine rule. *Bean v. Cummings,* 2008 ME 18, ¶ 11, 939 A.2d 676. In a recent ruling that concerned the sufficiency of a complaint in the context of a federal 12(b)(6) challenge, the Supreme Court commented on the sufficiency requirements of notice pleading. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). It held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* The Court elaborated, stating that the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

Applying these standards to the counts of the Hofland complaint that allege libel, including the counts in which declaratory judgment is sought as well as the counts phrased as constitutional violations, the plaintiff's complaint is insufficient. Nowhere does he even hint at the content of any false statements published by any of the defendants, even though he would uniquely be able to make such a factual assertion. Instead, he constantly uses conclusory words such a "willfully", "maliciously", and "libelous" and focuses on the defendants' failure to publish the plaintiff's version of the events that were described in certain articles. To prove slander, the plaintiff must prove that defamatory statements were false, *Schoff v. York County,* 2000 ME 205, ¶ 9 n.3, and this Court is not aware of any doctrine assigning liability for failure to properly investigate or check facts - in the absence of a factual assertion of false statement. Because of the paucity of relevant facts in plaintiff's complaint the Court cannot find

that it states a plausible claim for relief and, Counts 2 -10, 15-20, and 25 are dismissed for failure to state a claim upon which relief can be granted. [2]

II. RICO CLAIMS

Plaintiff also alleges that the defendants are part of one or more enterprises engaging in mail and wire fraud and obstruction of justice, constituting racketeering. The Racketeering and Corrupt Organizations Act, 18 U.S.C.A. § 1961, provides a private right of action for treble damages to any person injured in his or her business or property by reason of the conduct of a qualifying enterprise's affairs through a pattern of acts indictable as wire or mail fraud. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008). State courts have concurrent jurisdiction to hear such claims. *Tafflin et al. v. Levitt et al.*, 493 U.S. 455, 467 (1990). To prove such a claim, one must demonstrate the existence of a scheme to defraud, knowing participation in the scheme, and the use of the mail or communication by wire in interstate commerce, to further the scheme. *DeFazio v. Wallis*, 500 F. Supp. 2d 197, 203-4 (E.D.N.Y. 2007).

Not only must one plead a RICO violation with the degree of factual specificity required by *Iqbal*, but federal courts have interpreted Fed. R. Civ. P. 9(b)[3] as requiring a plaintiff to specify the time, place, and content of the alleged false representation, and describe with particularity any allegedly fraudulent transaction, and how the particular mailing furthered the fraudulent scheme. *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1546 (D. Colo. 1990), (citing *Zerman v. Ball*, 735 F. Supp. 15, 22 (2d Cir. 1984)). Additionally, in alleging a RICO violation, the plaintiff must identify specifically each person who is alleged to be liable and collectivizing defendants will not suffice. *Id.*

---

[2] Count I expresses no arguable cause of action and its theme, the defendants' failure to publish his letter to the editor, is also expressed in Count 13, addressed by the Court as a substantive count.

[3] M.R. Civ. P. 9(b) is nearly identical.

Applying these standards to Counts 11-14, and 21-25, counts that arguably express a RICO claim, the Court concludes that the plaintiff has failed to assert facts sufficient to make out a RICO claim. Not only does he fail to specifically identify the participants, he fails to specify the time, place, and content of any alleged false representations, and he fails to describe any particular fraudulent transaction. As in the other counts, the plaintiff uses only conclusory generalities to express these claims, using words such as "willfully and maliciously transmitted… fraudulent information widely published via the U.S. Mail and via wires." The plaintiff emphasizes the defendants' failure to print what he wanted printed, points out that the BDN uses mail and the internet, and combines the two propositions to structure inadequate RICO allegations.

Based on the foregoing, the Plaintiff's complaint is DISMISSED.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: January 11, 2012

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

```
RANDALL B HOFLAND #116217  - PLAINTIFF          SUPERIOR COURT
807 CUSHING RD                                  PENOBSCOT, ss.
WARREN ME 04864                                 Docket No   BANSC-CV-2011-00107

vs
BANGOR PUBLISHING COMPANY - DEFENDANT           **DOCKET RECORD**
491 MAIN ST
BANGOR ME 04401
Attorney for: BANGOR PUBLISHING COMPANY
BERNARD KUBETZ  - RETAINED 07/13/2011
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


BANGOR DAILY NEWS - DEFENDANT

Attorney for: BANGOR DAILY NEWS
BERNARD KUBETZ  - RETAINED 07/13/2011
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


WALTER GRIFFEN  - DEFENDANT

Attorney for: WALTER GRIFFEN
BERNARD KUBETZ  - RETAINED 07/13/2011
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


SUSAN YOUNG  - DEFENDANT

Attorney for: SUSAN YOUNG
BERNARD KUBETZ  - RETAINED 07/13/2011
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


TOM GROENING  - DEFENDANT

Attorney for: TOM GROENING
BERNARD KUBETZ  - RETAINED 07/13/2011
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


OTHER NAMED UNKNOWN STAFF OF BANGOR DAILY NEW - DEFENDANT
```