**Thomas M. MANGAN, Plaintiff**

v.

**J. Scott DAVIS, et al., Defendants**

**No. CIV. 03–57–P–H.**

United States District Court, D. Maine.

May 8, 2003.

See also 226 F.Supp.2d 250.

Thomas M. Mangan, ME, pro se.

Melissa Reynolds O'Dea, Assistant Attorney General, Augusta, ME, for J. Scott Davis, Karen G. Kingsley., defendants.

James B. Haddow, Petruccelli, Martin & Haddow, LLP, Portland, ME, for Thuy Thi Rumo, defendant.

**ORDER ON DEFENDANTS DAVIS'S AND KINGSLEY'S MOTION TO DISMISS AND DEFENDANT RUMO'S MOTION FOR JUDGMENT ON THE PLEADINGS**

HORNBY, District Judge.

The plaintiff Thomas Mangan is a disbarred lawyer who seeks damages against three defendants for their role in his disbarment by a Justice of the Supreme Judicial Court, whose order was affirmed by the Maine Supreme Judicial Court sitting as the Law Court. *Board of Overseers of the Bar v. Mangan,* 763 A.2d 1189 (Me. 2001). J. Scott Davis and Karen Kingsley are bar counsel who prosecuted the disbarment; Thuy Thi Rumo is Mangan's former client, the relationship with whom was the basis of the disbarment; she was also the defendant and counterclaimant in an earlier civil action Mangan brought because of Rumo's role in his disbarment. *Mangan v. Rumo,* 02–CV–26–P–H (D.Me.). That lawsuit went to trial in this court, and neither party recovered. In the current lawsuit, Mangan charges the three defendants with presenting false evidence, fabricating evidence and perjury in connection with his disbarment proceedings. Compl. at 2–3 (Docket No. 1). The defendants Davis and Kingsley have moved to dismiss

the complaint under Fed.R.Civ.P. 12(b)(1) and (6). Defs.' Mot. at 1 (Docket No. 7). The defendant Rumo has moved for judgment on the pleadings under Fed.R.Civ.P. 12(c). Def.'s Mot. (Docket No. 9).

All defendants' motions are **GRANTED** under the so-called Rooker–Feldman doctrine and because of issue and/or claim preclusion. The issues Mangan raises in his complaint are "inextricably intertwined" with the State court's "decisions, in judicial proceedings," *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), to disbar Mangan after hearing, including a review by the highest court of the State, and the denial of a later motion for relief from judgment where Mangan charged that Rumo and bar counsel perpetrated a fraud upon the court. Moreover, many of the same claims were raised or could have been raised during those state court proceedings or (in Rumo's case) the federal lawsuit. *See, e.g., Mangan*, 763 A.2d at 1194 ("Mangan argued extensively that he was denied a fair and impartial trial"); *Mangan v. Rumo*, 226 F.Supp.2d 250, 253 (D.Me.2002) (discussing *inter alia* allegations of false testimony). I find it unnecessary, therefore, to reach the defendants Davis's and Kingsley's claims of absolute immunity.

So **ORDERED**.